IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 05-cv-000231-LTB

SONIA WALKER,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.
_____

ORDER
_____

    Plaintiff, Sonia Walker, appeals from the Social Security Administration ("SSA") Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income, filed pursuant to 42 U.S.C. §§ 401-433 and §§ 1381-1383c. Jurisdiction is proper under 42 U.S.C. § 405(g). Oral argument would not materially assist in the determination of this motion. After consideration of the motion and all related pleadings, as well as the administrative record, for the reasons set forth below I REVERSE and REMAND for further proceedings.

I. STATEMENT OF THE CASE

    Plaintiff seeks judicial review of the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income filed on or about June 12, 2002. [Administrative Record ("AR") 58, 414]   Her applications were initially denied on December 23, 2002. [AR 35, 418]   After Plaintiff's request for reconsideration was denied on March 12, 2003,

[AR 41, 424] an Administrative Law Judge (ALJ) conducted an evidentiary hearing upon Plaintiff's request on May 18, 2004.  [AR 45, 428]

The ALJ subsequently issued a written ruling on July 27, 2004, denying Plaintiff's application on the basis that she was not disabled in that she retained the residual functional capacity (RFC) to perform her past relevant work (Step Four) and that she was also capable of performing other jobs which exist in significant numbers in the national economy (Step Five). [AR 18] On December 3, 2004, the SSA Appeals Council denied Plaintiff's request for review of the ALJ's determination, making the SSA Commissioner's denial final for the purpose of judicial review. [AR 6] *See* 20 C.F.R. §§ 404.981and 416.1481.  Plaintiff timely filed her complaint with this court on February 4, 2005, in which she seeks review of the Commissioner's decision.

## II. FACTS

Plaintiff was 29 years old on the date of the ALJ's decision and she has a high school education, plus two years of  training in culinary arts.  [AR 15, 433, 436 ] Plaintiff alleged that she became disabled and could not work on December 12, 2001, due to her inability to understand and follow directions, a learning disability, a brain tumor and headaches. [AR 69]

On December 14, 2001, Plaintiff underwent brain surgery – specifically a craniotomy resection of a frontal meningioma – when a tumor was found in her brain after a six month history of progressively worsening headaches, dizziness, and blurred vision. [AR 104, 107, 115-18]  Her follow- up doctor visits after the surgery reveal gradual, but not complete, recovery.  On May 22, 2002, Plaintiff reported to her doctor that she "has returned entirely to a normal state" but the records continue to show problems with headaches, ability to concentrate and dizziness.  [AR

229, 266-7, 299]

During this time, starting in July 2002, Plaintiff began seeking counseling and medication for depression. [AR 310-320]  She continued to seek counseling until her case was closed in June 2003.  There was also evidence in the record that Plaintiff was diagnosed with obstructive sleep apnea [AR 402] that might have resulted in severe fatigue and related problems. [AR 269-291]

On November 25, 2002, Dr. John Koewler, Ph.D, performed a psychological consultive exam. [AR 236-42]  His intellectual assessment of Plaintiff, based on her non-verbal I.Q. scores, resulted in a determination that she was functioning in the middle of the low-average range. [AR 238]  Dr. Koewler concluded that Plaintiff had "adequate visual spatial and nonverbal intellectual ability for some occupational functioning." [AR 238]  His diagnostic impressions were: depressive disorder, not otherwise specified; possible post-traumatic stress disorder; amnestic disorder secondary to brain surgery; and possible fetal alcohol effect. [AR 239]  Dr. Koewler's statement of Plaintiff's ability to do work indicated that she was "mildly limited" (meaning that her mental disorders do not significantly limit her from consistently and usefully performing the activity) in her ability: to understand and remember very short and simple instructions; to carry out instructions; to interact with coworkers and supervisors; and to adapt. [AR 243-44]  He further indicated that she was "moderately limited" (meaning that her capacity to perform the activity is impaired) in her ability:  to understand and remember detailed or complex instructions; to attend, concentrate and work without supervision; and to interact with the public. [AR 243-44]

On December 20, 2002, Dr. Scott Walker, a psychiatrist, reviewed Plaintiff's medical records and opined in a Mental RFC Assessment  that Plaintiff  "appears to retain the capacity to

3

remember and perform at least simple repetitive tasks." [AR 248]  He determined that her allegations appeared to be credible, and that she was moderately limited in her ability:   to understand, remember and carry out detailed instructions; to maintain attention and concentration for very extended periods; to sustain an ordinary routine without special supervision; to interact appropriately with the general public; and to accept instructions and respond appropriately to criticism from supervisors and to changes in the work setting.  [AR 246-47]

### III.  LAW

A five-step sequential evaluation process is used to determine whether a claimant is disabled, which is generally defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *see also Bowen v. Yuckert,* 482 U.S. 137, 137, 107 S.Ct. 2287, 107 S.Ct. 2287 (1987); *Campbell v. Bowen,* 822 F.2d 1518, 1521 (10th Cir. 1987); 20 C.F.R. § 404.1505.

Step One is whether the claimant is presently engaged in substantial gainful activity. If she is, disability benefits are denied.  *See* 20 C.F.R. §§ 404.1520 and 416.920.  Step Two is a determination whether the claimant has a medically severe impairment or combination of impairments as governed by 20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant is unable to show that her medical impairments would have more than a minimal effect on her ability to do basic work activities, she is not eligible for disability benefits.  Step Three determines whether the impairment is equivalent to one of a number of listed impairments deemed to be so severe as to

preclude substantial gainful employment. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Step Four then requires the claimant to show that the impairment(s) and assessed RFC prevents her from performing work that she has performed in the past. If the claimant is able to perform her previous work, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(e) & (f) and 416.920(e) & (f).

Finally, if the claimant establishes a *prima facie* case of disability based on the four steps discussed, the analysis proceeds to Step Five where the Secretary has the burden of proving that the claimant has the RFC to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). The claimant is entitled to benefits if the Secretary cannot establish that he can perform an alternative work activity and that this type of job exists in the national economy. The Secretary may rely upon the Medical Vocational Guidelines (the "grids") to meet this burden, *Bowen v. Yuckert, supra,* 482 U.S. at 146. *See also Heckler v Campbell,* 461 U.S. 458, 461-462, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983)(the grids consist of a matrix of four factors – physical ability, age, education, and work experience – and rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy and, as such, direct a conclusion as to whether work exists that the claimant could perform).

## IV. SSA*s RULING

The ALJ first determined that Plaintiff has not performed any substantial gainful during the

relevant period under consideration. (Step One). [AR 18]  The ALJ next found that Plaintiff had the following severe medically determinable impairments "amnestic disorder secondary to brain surgery and depressive disorder" (Step Two).  [AR 18]  However, the ALJ found that none of Plaintiff's mental impairments, either singly or in combination, met or equaled any impairment found in the Listing of Impairments which would deem them be so severe for presumptive disability (Step Three).  [AR 18]

As a result, the ALJ went on to determine whether Plaintiff retained the RFC to perform the requirements of her past relevant work.  [AR 13]  When assessing Plaintiff's RFC, the ALJ determined that Plaintiff could "understand, remember, and carry out simple instructions; respond appropriately to supervisors, co-workers and the usual work situation; and, deal with changes in a routine work situation."  Although Plaintiff had "no extertional limitations," her RFC was compromised by "the inability to remember, understand, and carry out more than simple and repetitive tasks."  [AR 22]   Thus, the ALJ concluded that Plaintiff "has the mental capability to perform unskilled work."  [AR 17]

Given this RFC assessment, the ALJ determined that Plaintiff was able to perform her past relevant work as a motel maid and cooks helper (Step Four).   In addition, the ALJ went onto determine that Plaintiff was also capable of performing "other light jobs which exist in significant numbers in the national economy" (Step Five).  [AR 18]  Thus, the ALJ concluded

that Plaintiff was not disabled.  [AR 19]  The SSA Appeals Counsel subsequently denied Plaintiff's request for review, making the ALJ's decision final.  [AR 6]  This appeal followed.

## V. STANDARD OF REVIEW

This court's limited review here is whether the final decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001); *Qualls v. Apfel,* 206 F.3d 1368, 1371 (10th Cir. 2000). Thus, the function of my review is "to determine whether the findings of fact of the Secretary are based upon substantial evidence and inferences reasonably drawn therefrom; if they are so supported, they are conclusive upon [this] reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). "Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion." *Campbell v. Bowen*, *supra*, 822 F.2d at 1521 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d. 842 (1971)). I may not re-weigh the evidence or substitute my judgment for that of the ALJ. *See Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991); *Jozefowicz v. Heckler*, 811 F.2d 1352, 1357 (10th Cir. 1987); *Cagle v. Califano*, 638 F.2d 219, 220 (10th Cir. 1981). I examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Casias v. Secretary*, *supra*, 933 F.2d at 800 (*citing Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951)).

With regard to the application of the law, reversal may be appropriate when the Commissioner either applies an incorrect legal standard or fails to demonstrate reliance on the

correct legal standards. *See Winfrey v. Chater,* 92 F.3d 1017, 1019 (10th Cir. 1996).

## VI. ANALYSIS

Past Relevant Work

On appeal, Plaintiff first asserts, and the Commissioner agrees, that the ALJ erred when he determined that Plaintiff's prior work as a motel maid and cooks helper was "past relevant work" in the context of his ruling that Plaintiff was not disabled because she was able to perform her past work at Step Four. [AR 18]

Past relevant work is defined as work that: 1) occurred within the past fifteen years (the recency requirement); 2) was of sufficient duration to enable the worker to learn to do the job (the duration requirement); and 3) was substantial gainful employment. *Jozefowicz v. Heckler,* 811 F.2d 1352, 1355 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1560, 404.1565(a), and 416.965.

The Commissioner acknowledges that the ALJ specifically found that Plaintiff's current job as a motel maid was not substantial gainful activity [AR 15] and Plaintiff's earning from her past job as a cooks helper were not high enough to amount to substantial gainful activity. [AR 70] As a result, the Commissioner concedes that the ALJ erred when he found that Plaintiff was disabled at Step Four because he improperly determined that she was able to perform past relevant work.

The Commissioner asserts, however, that the ALJ's order should be affirmed because his alternative finding at Step Five – that Plaintiff was also capable of performing other light jobs which exist in significant numbers in the national economy – was proper and supported by substantial evidence. The Commissioner relies on the vocational expert's testimony at the

hearing.  The vocational expert testified that a person with Plaintiff's age, educational background, work experience and the RFC of "simple, repetitive tasks, [with] no particular physical limitations" could perform the following jobs:  1) the "light, very minimally semi-skilled" job of caterer helper; 2) the light, "real minimally skilled" job of food assembler; and 3) the light, unskilled job of cafeteria attendant.  [AR 457-58]  However, the Commissioner concedes that the ALJ could not properly rely on the jobs of caterer helper and food assembler because they are semiskilled jobs and the vocational expert did not testify as to what transferable skills Plaintiff had that would allow her to perform these jobs.  As a result, the ALJ's determination that Plaintiff was capable of performing jobs which exist in significant numbers in the national economy would necessarily be based solely on the light, unskilled job of cafeteria attendant (DOT# 311.677-010) which the vocational expert testified exists as follows in the economy as follows:  appropriately 120 in the New Mexico economy, and 500,000 nationwide. [AR 457]

Under Step Five, an individual shall be determined to be under a disability only if her impairments are of such severity that she cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Work which exists in the national economy is defined as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country."  *Id.; see also* 20 C.F.R. §§ 404.1566 and 416.966(a).

Plaintiff maintains that although the ALJ found that "light jobs ... exist in significant numbers in the national economy," it is not clear from the order whether the ALJ was relying on

9

all the light jobs identified, or on the only applicable job of cafeteria attendant which the vocational expert testified consisted of 120 jobs in the New Mexico economy and 500,000 jobs nationwide. As a result, she contends the order is not clear and that there "is a legitimate question as to whether this job, by itself, actually does constitute a significant number." I agree and, as such, remand the case for a new hearing to resolve the ambiguity. *See Hargis v. Sullivan,* 945 F.2d 1482, 1489 (10th Cir.1991)(it is the burden of the Secretary to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy).

<u>RFC Assessment</u>

Plaintiff also contends on appeal that the ALJ did not adequately assess her RFC because he didn't appropriately determine her credibility and he didn't properly analyze Dr. Koewler and Dr. Walker's opinions regarding her functional limitations.

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995) (internal citations and quotations omitted). Nonetheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988)(footnote omitted); *see also Kepler v. Chater, supra*, 68 F.3d at 391. A credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record" and be "sufficiently specific" to inform subsequent reviewers of both the weight the ALJ gave to a claimant's statements and the reasons for that weight. *Hayden v.*

*Barnhart,* 374 F.3d 986, 992 (10th Cir. 2004)(quoting SSR 96-7p).

The ALJ concluded that Plaintiff 's testimony was "not credible." [AR 16 ]  In the order, the ALJ noted that the claimant complained of being a "slow learner" and that she was uncomfortable with crowds.  The ALJ then compared those claimed functional limitations with Plaintiff's reported daily activities to conclude that Plaintiff's testimony was not credible because "[t][here simply no objective corroboration to many of her symptoms." [AR 16]  The ALJ also noted the following factors:

> 1. The claimant's reported activities are not shown to be consistent with her claim of total disability.  She testified that she returned to work on April 28, 2004.
>
> 2. If an impairment can reasonably be controlled by medication or treatment, it cannot serve as a basis for finding of disability.  (20 C.F.R. 404.1530 and 20 C.F.R. 416.930).
>
> 3. The claimant is not receiving or seeking frequent medical treatment, which tends to undermine her allegations of incapacitating symptoms.
>
> 4. The objective medical evidence is not consistent with total disability.  [AR 17]

I agree with Plaintiff that the order fails to address and adequately support the applicable criteria for assessing credibility as set forth in SSR 96-7p, and lacks specific and meaningful explanations regarding the ALJ's conclusion that her testimony was not credible.  On remand, I direct the ALJ to review and address Plaintiff's assertion that the reasons given to discount her

credibility – her inconsistent daily activities and past work, and her failure to seek regular medical treatment – were mischaracterized or contradicted by the record.

Additionally, Plaintiff contends that although the ALJ reviewed and accepted Dr. Koewler's functional assessment, the order failed to address specific findings that were contradictory to the ALJ's RFC determination. *See Robinson v. Barnhart,* 366 F.3d 1078, 1083 (10th Cir. 2004)(noting that the ALJ is not entitled to pick and choose from a treating physician's medical opinion by using only those parts that are favorable to a finding of nondisability). Plaintiff further contends that the ALJ failed to adequately assess Dr. Walker's conclusions, as the order failed to specifically consider or examine that opinion evidence.

On remand, I direct the ALJ to specifically analyze Dr. Koewler and Dr. Walker's opinions pursuant to the factors set forth in 20 C.F.R. §§ 404.1527(f) and 416.927(f), which provide that fact findings of state agency medical and psychological consultants are to be treated by the ALJ as non-examining expert opinion evidence. "When the ALJ considers the findings of a state agency medical or psychological consultant, the ALJ evaluates the findings using factors such as medical specialty and expertise with social security rules, supporting evidence in the case record, supporting explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions." *See Buck v. Barnhart,* 238 F.Supp.2d 1255, 1270 (D.Kan. 2002)(ruling that "[t]he ALJ may not ignore these opinions and must explain the weight given to the opinions in his or her decision"); 20 C.F.R. §§ 404.1527(f)(2)(i) and 416.927(f)(2)(i); SSR 96-6p.

Accordingly, I REVERSE the SSA Commissioner's final order and REMAND for additional proceedings consistent with the rulings and views set forth in this order.

Dated:  October   18  , 2005 in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock  
                                            LEWIS T. BABCOCK, CHIEF JUDGE