IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  05-cv-00231-LTB


SONIA WALKER,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.
_____

ORDER
_____

This matter is before me on a Motion for Attorney Fees Pursuant to the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. §2412, filed by Plaintiff, Sonia Walker, following my order

reversing and remanding the Social Security Administration ("SSA") Commissioner's final

decision that denied Plaintiff's applications for disability insurance benefits and supplemental

security income.

I. BACKGROUND

Plaintiff sought judicial review with this court of the SSA Commissioner's final decision

denying her applications for disability insurance benefits, 42 U.S.C. §§ 401-433, and supplemental

security income, 42 U.S.C. §§ 1381-1383c.  After consideration of the parties' briefing and the

administrative record, I entered an order on October 18, 2005, in which I reversed the SSA

Commissioner's final decision.  In that order I first concluded that the Administrative Law Judge

(ALJ) erred when he determined that Plaintiff's prior work as a motel maid and cooks helper was

"past relevant work" in the context of his ruling at Step Four that Plaintiff was not disabled

because she was capable of performing her prior work.  I also concluded that the ALJ's alternative ruling that Plaintiff was not disabled at Step Five was error, in that  jobs existed in significant numbers in the national economy that Plaintiff could perform, because the ALJ's order did not indicate whether he relied on all the jobs identified by the vocational expert, or only on the single applicable job of cafeteria attendant.  I also determined that the ALJ's finding that the Plaintiff's testimony was "not credible" was not adequately addressed or supported by the applicable criteria, nor did the order contain specific and meaningful explanations for the ALJ's conclusion.  And, finally, I directed the ALJ on remand to specifically analyze two doctors' opinions related to Plaintiff's mental impairments.  As a result, I reversed the SSA Commissioner's final order and remanded the matter for additional proceedings consistent with my conclusions.  Judgment subsequently entered on October 25, 2005.  Plaintiff now seeks an award of attorney fees pursuant to the EAJA.

## II. LAW

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  *See* 28 U.S.C. § 2412(d)(1)(A).  The substantial justification test is one of reasonableness in law and fact; a position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).   A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct ." *Id.* at 566, FN.2

The reasonableness test breaks down into three parts. The government bears the burden to show that: 1) there is a reasonable basis for the facts alleged; 2) there exists a reasonable basis in law for the theory it propounds; and 3) the facts alleged will reasonably support the legal theory advanced. *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. §2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

"[T]he EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Thus, I must look at the totality of circumstances to determine whether the government acted reasonably in taking a stance during the litigation. *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 138 (4th Cir. 1993).

## III. ANALYSIS

In ruling on Plaintiff's appeal, I determined that the ALJ's order was inadequate in that it: 1) improperly concluded that Plaintiff's prior work as a motel maid and cooks helper constituted "past relevant work;" 2) failed to indicate whether the ALJ relied on all the jobs improperly identified by the vocational expert, or only on the single applicable job of cafeteria attendant;  3) failed to satisfactorily address or support the applicable criteria for assessing credibility, or provide specific and meaningful explanations for the ALJ's conclusion that Plaintiff was not

credible; and 4) did not adequately or specifically address the opinions of two doctors regarding the extent of Plaintiff's mental impairments.

Plaintiff now contends that the SSA Commissioner's litigation position in the underlying appeal before me was not substantially justified, allowing for an award of attorney fees in her favor.  Plaintiff  points to the fact that the Commissioner unequivocally conceded that the ALJ erred when he ruled that Plaintiff was disabled at Step Four.  The Commissioner also conceded that 2 of the 3 jobs identified by the vocational expert at Step Five – in which the burden is on the Commissioner to prove that Plaintiff has the RFC to perform other work available in the national economy – could not be performed by Plaintiff given the RFC assessment made by the ALJ.   As a result, the Commissioner was forced to advance the argument that the ALJs' finding that a "significant number" of jobs existed both statewide and nationwide could have been supported by only one of the three available jobs identified by the vocational expert.

I agree with Plaintiff that she is entitled to an award of attorney fees under the EAJA.  I first note the Commissioner does not contest Plaintiff's assertion that the EAJA is applicable here, and that she is a prevailing party.  As such, the Commissioner bears the burden to show that her position was substantially justified.  *Gilbert v. Shalala, supra*, 45 F.3d at 1394.  When viewed in light of the record evidence and underlying substantive law, the Commissioner is unable to met her burden.  On appeal, the Commissioner conceded that the ALJ erred when determining that Plaintiff was disabled at Step Four.  The Commissioner further acknowledged  that of the three jobs identified, two could not be relied upon by the ALJ in his ruling at Step Five because the vocational expert did not testify to Plaintiff's transferrable skills related to those two jobs.  Although the order was not clear as to whether the ALJ relied on all three jobs, he apparently

4

included them in his statistical analysis when concluding that a "significant" number of jobs existed in the national and regional economy to deem Plaintiff not disabled at Step Five.

As a result, because the Commissioner conceded that the ALJ erred in applying the facts at Step Four, and acknowledged at least the possibility of error with the ALJ's analysis at Step Five, I conclude that the Commissioner's appellate position did not have a reasonable basis in the facts alleged or in the application of those facts to the law. Furthermore, with regard to my determinations that the ALJ failed to assess Plaintiff's credibility pursuant to SSR 96-7P, and failed to properly analyze two physicians' opinions pursuant to 20 C.F.R. §§ 404.1527(f) and 416.927(f), I note that failure to follow regulations and well-settled precedent has been considered grounds for finding that a defendant's actions were not substantially justified. *See Hoffman v. Chater*, 924 F.Supp. 117, 119 (D. Kan. 1996)(citations omitted). Therefore, under the totality of circumstances, I conclude that Plaintiff is entitled to an award of attorney fees under the EAJA.

Plaintiff accurately contends that the EAJA permits attorney fees in the amount of $125.00 per hour as of March 1996, and permits fees in excess of $125.00 per hour in situations wherein there has been an increase in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff's counsel asserts that there has been an increase in the cost of living since the implementation of the March 1996 hourly rate, and thus requests that I set an award at the rate of $157.50 per hour based on the consumer price index. Because Plaintiff incurred a total of 24.00 hours in attorney time, and 2.75 hours in paralegal time (at $75.00 per hour) in pursuing the appeal before this court, she seeks an award in her favor in the amount of $3,986.25. Plaintiff further asserts that she meets the financial requirements of an EAJA award "in that her net worth does not exceed

5

two million dollars." *See* 28 U.S.C. §2412(d)(2)(B).  The Commissioner does not contest that Plaintiff meets the financial requirement of 28 U.S.C. §2412(d)(2)(B), nor does she challenge the propriety of the proposed hourly rate or the reasonableness of the fee request.

Accordingly,  IT IS ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [#20] is GRANTED, and Plaintiff is AWARDED attorney fees against Defendant in the amount of $3,986.25.

Dated: February ___14___, 2006, in Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock

LEWIS T. BABCOCK, CHIEF JUDGE